

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAVID HIGHTOWER,<br>　　　　Petitioner, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 4:22-cv-01380-MGL |
| WARDEN R.S DUNBAR,<br>　　　　Respondent, | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITION
UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(B)**

David Hightower (Hightower), who is proceeding pro se, filed a petition for writ of habeas corpus (Hightower's Petition) under 28 U.S.C. § 2241. Respondent Warden R.S. Dunbar (Dunbar) filed a motion for summary judgment on Hightower's petition. Hightower, however, failed to respond to the motion.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Hightower's petition under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on November 29, 2022. To date, Hightower has failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Hightower's petition is **DISMISSED WITH PREJUDICE** and Dunbar's motion for summary judgment is **DEEMED AS MOOT**.

To the extent Hightower seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of December 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.